# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20024

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2014

Lyle W. Cayce
Clerk

PROSPECT CAPITAL CORPORATION,

        Plaintiff-Appellee,

v.

THE ENMON IRREVOCABLE FAMILY TRUST, KARI ENMON, KICKAPOO KENNELS, LLC, and JAMES VAN METER, Jr.,

        Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-601

Before DAVIS, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants, The Enmon Irrevocable Family Trust ("the Trust"), Kickapoo Kennels, LLC ("Kickapoo"), and Kari Enmon ("Kari"), appeal the final judgment of the district court, following a bench trial, in favor of Plaintiff-Appellee Prospect Capital Corporation ("Prospect"). The judgment granted a variety of relief under the Texas Uniform Fraudulent Transfer Act,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20024

Tex. Bus. & Com. C. §§ 24.001 *et seq.*, and essentially returned the parties, to the extent possible, to the position they were in before the initial fraudulent transfer by Defendant Michael Enmon.

We have reviewed the district court's findings of fact for clear error and conclusions of law *de novo*.[1]   We conclude that the district court did not err. Although the judgment does not specify the status of Kari's contributions to Kickapoo and/or the Trust, including her own wages, retirement funds, and proceeds of the sale of her employee stock, counsel for the parties agreed at oral argument that Kari retains the right to challenge the turnover of any sums that are truly independent of the underlying debt to Prospect.

Accordingly, the judgment of the district court is AFFIRMED, reserving to Kari Enmon the right to challenge the turnover of any funds she contributed to Kickapoo Kennels, LLC and/or The Enmon Irrevocable Family Trust.

---

[1] *In re Mid-South Towing Co.*, 418 F.3d 526, 531 (5th Cir. 2005).